IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

THEOTIS HILDEBRAND                                                                                       PLAINTIFF

v.                                         Civil No.: 1:19-cv-01006

LT. PAUL KUGLER, SGT. J. COTTON,                                                                   DEFENDANTS
CORPORAL HIGHTOWER, SGT. JOHNNY
WARD, CAPTAIN MITCHAM, RICKY
ROBERTS, NURSE RICE, MIKE LOFTIN,
FRANK HASH, LT. STEVEN GREEN, and
CHARLIE PHILLIPS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.   BACKGROUNDF

Plaintiff filed his Complaint on February 27, 2019. (ECF No. 1). Plaintiff's allegations center on his time incarcerated in the Union County Jail ("UCJ"). (*Id*. at 17). He alleges that on August 15, 2018, there was a fire "over the kitchen area" in UCJ. (*Id*.). He and other inmates were left in H-pod for an hour while smoke poured through the air duct and vents. (*Id*.). He alleges the officers who finally came to free them wore air masks and fresh air tanks. (*Id*.) He states several Defendants appeared to be more concerned about the building than the safety of the

1

inmates. (*Id*. at 11-12). Plaintiff alleges he suffered from burning in his chest and was denied medical care. (*Id*. at 18). Plaintiff also alleges the grievance procedure at UCJ is not operated properly in accordance with the State grievance procedure.[1] (*Id*. at 6).

Plaintiff proceeds against all Defendants in their official and personal capacities. (*Id*. at 4-7). He seeks compensatory and punitive damages. (*Id*. at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff fails to state a cognizable claim based on UCJ's grievance procedure, or lack thereof. "Inmates do not have a constitutionally protected right to a grievance procedure. Because

---

[1] The Court will interpret this too mean that the UCJ grievance system does not operate according to Arkansas Department of Correction procedures.

a . . . grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the . . . grievance procedure is not actionable under § 1983." *Ashann–Ra v. Commonwealth of Virginia,* 112 F.Supp.2d 559, 569 (W.D. Va. 2000) (citations omitted); *see also Lombolt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (denial of grievances does not state a substantive constitutional claim); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) ("no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration"); *Adams v. Rice,* 40 F.3d 72, 74 (4th Cir. 1994) (inmates have no constitutional right to grievance procedure); *Blagman v. White,* 112 F. Supp.2d 534 (E.D. Va. 2000) (inmate has no constitutional entitlement to grievance procedure), *aff'd,* 3 F. App'x 23 (4th Cir. 2001).

### IV. CONCLUSION

Accordingly, I recommend that Plaintiff's claim for improper grievance procedures at UCJ be dismissed WITHOUT PREJUDICE. I further recommend that all Plaintiff's other claims remain for further consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of May 2019.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE