IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


THEOTIS HILDEBRAND                                                              PLAINTIFF

v.                                           Civil No. 1:19-CV-01006

LT. PAUL KUGLER, *et. al.*                                                    DEFENDANTS


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to

the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief

United States District Judge, referred this case to the undersigned for the purpose of making a

Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey a Court Order and to prosecute this

case.

## I.  BACKGROUND

Plaintiff filed his Complaint on February 27, 2019.  (ECF No. 1).  On November 21, 2019,

Defendants filed a Motion for Summary Judgment.  (ECF No. 37).  On November 22, 2019, the

Court entered an Order directing Plaintiff to file his Response by December 13, 2019.  In the Order,

Plaintiff was advised that failure to submit his Response by the deadline could result in either  the

acceptance of Defendants' facts being deemed admitted or in the dismissal of his case.  (ECF No.

40).  On December 2, 2019, Plaintiff filed a Motion to Appoint Counsel, which was denied.  (ECF

Nos. 41, 42).  When Plaintiff failed to file a Response, the Court entered a Show Cause Order on

March 2, 2020.  (ECF No. 43).  Plaintiff was directed to file his Response by March 23, 2020.

(*Id*.).

1

When Plaintiff failed to respond to the Show Cause Order, the undersigned entered a Report and Recommendation which recommended dismissal of the case for failure to prosecute and failure to obey a Court Order on April 1, 2020.  (ECF No. 44).  Plaintiff filed his Response to the Show Cause Order twenty-three days past the deadline for doing so, on April 14, 2020.  (ECF No. 45).  He also filed his Objection to the Report and Recommendation that same day.  (ECF No. 46).  In his Objection, he indicated that the mailroom at his correctional institution told him that the United States Postal Service lost his legal mail.  (ECF Nos. 46, 47).

On April 20, 2020, the Honorable Susan O. Hickey, Chief United States District Judge for the Western District of Arkansas, entered an Order directing Plaintiff to provide documentation of the lost legal mail by May 4, 2020.  (ECF No. 47).  On April 29, 2020, this Order was returned as undeliverable and Plaintiff filed a Notice of Address change indicating he had paroled out of ADC custody on April 20, 2020.  (ECF No. 49).  On May 4, 2020, Judge Hickey entered a second Order, noting that Plaintiff had likely never received the April 20th Order, and directing Plaintiff to provide evidence of lost mail by May 18, 2020.  (ECF No. 50).  Plaintiff was advised that his failure to do so would result in the Court adopting the Report and Recommendation to dismiss this case.  (*Id.* at 2).  Plaintiff filed his Response on May 13, 2020.  (ECF No. 51).  He stated that neither the ADC nor the USPS would assist him without further order from this Court.  (*Id.*).

On May 15, 2020, Judge Hickey declined to adopt the Report and Recommendation to dismiss the case.  Plaintiff was directed to submit his Response to Defendants' Summary Judgment Motion by June 5, 2020.  (ECF No. 52).  Plaintiff was advised that failure to provide his Response by the deadline would result in the dismissal of his case for failure to prosecute.  (*Id.* at 2).  This Order was not returned as undeliverable.

To date, Plaintiff has failed to file his Response to the Summary Judgment Motion, and has not otherwise communicated with the Court.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Despite being given every benefit of the doubt, as well as several additional months to submit his Summary Judgment Response, Plaintiff has failed to comply with a Court Order and submit his Response. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **31st day of July 2020**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE